IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:15-CR-54-FL-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| HAKEEM JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court to memorialize and expand upon certain oral rulings made at time of sentencing, held December 8, 2016. In particular, the court overruled defendant's objection to his recommended base offense level of 26, resulting from two prior convictions of crimes of violence, pursuant to United States Sentencing Guidelines Manual ("U.S.S.G.") §2K2.1(a)(1).

## BACKGROUND

On August 18, 2016, defendant pleaded guilty, without written plea agreement, to being a felon in possession of a firearm and ammunition, a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Prior to sentencing, the United States Probation Office (the "probation office") prepared a Presentence Investigation Report ("PSR"), which calculated defendant's criminal history category as a level IV and defendant's total offense level as 27, yielding an advisory guidelines range of 100 to 120 months, taking into account the statutory maximum penalty.

As relevant here, the probation office calculated defendant's total offense level by beginning with base offense level 26, determined pursuant to U.S.S.G. §2K2.1(a)(1). That provision applies if the defendant previously has been convicted of either a "crime of violence" or "controlled

substance offense." The probation office determined that defendant's prior convictions under North Carolina law for "Assault With a Deadly Weapon Inflicting Serious Injury" (AWDWISI) and "Kidnapping and Robbery With a Dangerous Weapon" each qualified as "crime of violence." (PSR ¶13, 15, 50, and p. 16).

Defendant objected to application of base offense level 26, under § 2K2.1(a)(1), contending that none of his prior convictions constitute a crime of violence in light of Johnson v. United States, 135 S. Ct. 2551 (2015). Accordingly, defendant argued that his base offense level should be 20, under § 2K2.1(a)(4)(B). The court overruled defendant's objection at sentencing, on the basis that defendant has at least two prior convictions constituting crimes of violence under § 2K2.1. This memorandum opinion explains the court's basis for reaching that conclusion.

## COURT'S DISCUSSION

The court calculates defendant's base offense level as 26, based on U.S.S.G. § 2K2.1(a)(1). That provision states that base offense level 26 applies if, among other conditions, "the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. §2K2.1(a)(1). Section 2K2.1 does not define the term "crime of violence." Rather, it cross references U.S.S.G. §4B1.2(a). See U.S.S.G. 2K2.1 n.1 ("'Crime of violence' has the meaning given that term in § 4B1.2 (a) and Application Note 1 of the Commentary to § 4B1.2."). Section 4B1.2(a) defines the phrase "crime of violence" as follows: "any offense under federal or state law, punishable by imprisonment for a term exceeding one year" that 1) "has as an element the use, attempted use, or threatened use of physical force against the person of another," or 2) "is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of

physical injury to another." U.S.S.G. §4B1.2(a) (emphasis added).[1] The latter emphasized portion of the definition is known in Fourth Circuit case law as the "residual clause" of §4B1.2(a). E.g., United States v. Martin, 753 F.3d 485, 488 (4th Cir. 2014).

To trigger U.S.S.G. §2K2.1(a)(1)'s enhanced penalty, defendant must have at least two prior convictions "categorically" meeting the definition of a crime of violence. See United States v. Montes-Flores, 736 F.3d 357, 364 (4th Cir. 2013) ("In determining whether a prior conviction triggers a sentence enhancement under the Sentencing Guidelines,. . .[the court] approach[es] the issue categorically, looking only to the fact of conviction and the statutory definition of the prior offense.") (internal quotations omitted).

Defendant's prior convictions for AWDWISI and robbery with a dangerous weapon constitute crimes of violence because, as this court has previously held, § 4B1.2(a)'s residual clause remains applicable despite Johnson's invalidation of the identical residual clause in the Armed Career Criminal Act ("ACCA"). See United States v. Haynes, ___ F. Supp. 3d. ___, No. 5:15-CR-212-FL, 2016 WL 4402002, at *3 (E.D.N.C. Aug. 18, 2016) (citing, e.g., United States v. Matchett, 802 F.3d 1185, 1193-96 (11th Cir.2015)); United States v. Cotton, No. 7:15-CR-21-FL, 2015 WL 4757560 (E.D.N.C. Aug. 12, 2015) (same).

---

[1] The court applies the version of the Guidelines promulgated on November 1, 2013, the version in effect on the date defendant committed the criminal act charged in the indictment. All references to the Guidelines therefore refer to the November 1, 2013, version. The court rejects the recommendation in the PSR to apply the 2016 version of the Guidelines in applying the "crime of violence definition" in § 4B1.2. Under the 2016 version of the Guidelines, the term "crime of violence" is defined as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year" that 1) "has as an element the use, attempted use, or threatened use of physical force against the person of another," or 2) "is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm. . .or explosive material." Id. In order to avoid any potential ex post facto issue, the court applies that version of the advisory Sentencing Guidelines in effect on the date defendant committed the criminal act charged in the indictment.

3

Before Johnson invalidated the residual clause in the ACCA, it was established, and unchallenged, in this circuit that both AWDWISI and robbery with a dangerous weapon constituted crimes of violence based upon application of the residual clause. See, e.g., McNeill v. United States, 563 U.S. 816, 818 (2011) (noting defendant conceded that North Carolina assault with a deadly weapon was a violent felony); United States v. Boykin, 669 F.3d 467, 469 (4th Cir. 2012) (recognizing AWDWISI qualifies as violent felony under 18 U.S.C. § 924(c)); United States v. Barnette, 203 F. App'x 518, 520 (4th Cir. 2006) (holding same); United States v. White, 571 F.3d 365, 373 (4th Cir. 2009) (robbery with a dangerous weapon). Therefore, where the residual clause of § 4B1.2(a) remains applicable, defendant's prior convictions of AWDWISI and robbery with a dangerous weapon properly constitute crimes of violence under the residual clause of § 4B1.2.[2]

In addition, as this court also previously has held, the court may apply the offenses enumerated in the commentary to § 4B1.2 to determine if defendant's prior convictions qualify as crimes of violence. See United States v. Hinton, No. 4:15-CR-26-FL, 2016 WL 632447, at *3 (E.D.N.C. Feb. 17, 2016) (citing United States v. Madrid, 805 F.3d 1204 (10th Cir. 2015)). The commentary to § 4B1.2 expressly notes that "'crime of violence' includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery," and other offenses. Under this approach, robbery with a dangerous weapon qualifies as the enumerated offense of "robbery" in the § 4B1.2 commentary. See, e.g., id. (qualifying "common law robbery" as "robbery" enumerated in commentary).[3]

---

[2] On this basis, the court rejects its earlier unpublished holding in United States v. Jones, 4:15-CR-5-FL, 2015 WL 4133747 *3 (July 8, 2015), that AWDWISI does not constitute a crime of violence under § 2K2.1.

[3] The court recognizes that AWDWISI may not qualify as a crime of violence under this alternative approach where the generic "aggravated assault" offense requires more than a mens rea of recklessness, see United States v. Barcenas-Yanez, 826 F.3d 752, 756 (4th Cir. 2016), whereas AWDWISI may be committed with a mens rea of recklessness. See United States v. Geddie, 125 F. Supp. 3d. 592, 601 (E.D.N.C. 2015).

4

Finally, robbery with a dangerous weapon properly may be considered a crime of violence under the "use of force" provision of the definition of crime of violence, under § 4B1.2, without addressing issues with the "residual clause." Under the "use of force" provision, a prior conviction may count as a "crime of violence" if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). "Use of physical force" against another requires "a higher degree of intent than negligent or merely accidental conduct." Leocal v. Ashcroft, 543 U.S. 1, 9 (2004). In addition, "the phrase 'physical force' means violent force – that is, force capable of causing physical pain or injury to another person." Johnson v. United States, 559 U.S. 133, 140 (2010).

"The essential elements of robbery with a dangerous weapon are: (1) an unlawful taking or an attempt to take personal property from the person or in the presence of another; (2) by use or threatened use of a firearm or other dangerous weapon; (3) whereby the life of a person is endangered or threatened." State v. Gwynn, 362 N.C. 334, 337 (2008) (quotations omitted). To commit or attempt to commit such offense, a defendant must have "the specific intent to unlawfully deprive another of personal property by endangering or threatening his life with a dangerous weapon." State v. Taylor, 362 N.C. 514, 538 (2008); see State v. Kemmerlin, 356 N.C. 446, 473 (2002).

Because of the intentional nature of the use of a dangerous weapon to deprive another of property, the offense meets the requirement of the "use of force" provision that force must be "used" with "a higher degree of intent than negligent or merely accidental conduct." Leocal, 543 U.S. at 9. In addition, the element of "use of a firearm or dangerous weapon," coupled with the element of endangering or threatening the life of another, Gwynn, 362 N.C. at 337, together meet the

5

requirement that a qualifying offense must involve "force capable of causing physical pain or injury to another person." Johnson, 559 U.S. at 140; see United States v. Smith, 638 F. App'x 216, 219 (4th Cir. 2016) (holding robbery with dangerous weapon is a violent felony).

Accordingly, defendant's prior convictions for AWDWISI and robbery with a dangerous weapon properly constitute predicate crimes of violence supporting application of base offense level 26 under §2K2.1(a)(1). Therefore, defendant's objection to application of base offense level 26 is overruled.

## CONCLUSION

For the foregoing reasons, the court OVERRULES defendant's objection to the court's calculation of his base offense level 26, under U.S.S.G. §2K2.1(a)(1).

SO ORDERED, this the 8th day of December, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge