IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:17-CV-236-FL
NO. 7:15-CR-54-FL-1

| | | |
|---|---|---|
| HAKEEM JOHNSON | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DE 56) and respondent's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (DE 60). Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge James E. Gates entered a memorandum and recommendation ("M&R") (DE 78), wherein it is recommended that the court deny petitioner's motion and grant respondent's motion. Thereafter, petitioner objected to M&R. In this posture, the issue raised are ripe for ruling. For the following reasons, the court adopts the M&R, denies petitioner's § 2255 motion, and grants respondent's motion. The court denies petitioner a certificate of appealability.

## BACKGROUND

The court incorporates herein by reference the thorough background of this case set forth in the M&R. The court summarizes below key procedural facts as pertinent to the court's discussion herein. On August 18, 2016, petitioner pleaded guilty, without a written plea agreement, to possession of firearm and ammunition by a felon, in violation of 18 U.S.C. §§ 922(g)

and 924(a)(1). The court sentenced petitioner to a term of 120 months imprisonment December 8, 2016.

On December 11, 2017, petitioner filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, asserting the following claims: 1) his counsel was ineffective for failing to determine whether the court considered dismissed charges as prior convictions at sentencing ("Claim One"); 2) the court erroneously applied the 2013 version of the United States Sentencing Guidelines Manual ("Guidelines Manual") instead of the 2016 version, causing petitioner's prior conviction for assault with a deadly weapon with the intent to inflict serious injury ("AWDWISI") to be classified as crime of violence ("Claim Two"); 3) his counsel was ineffective in failing to review, read, and investigate the court's application of the 2013 version of the Guidelines Manual ("Claim Three"); 4) his counsel was ineffective for failing to challenge the four-point sentencing enhancement he received for shooting in an occupied property ("Claim Four"); and 5) his counsel failed to file an appeal as directed ('Claim Five"). (Pet. Mot. (DE 56) at 1-8).

Respondent filed motion to dismiss January 22, 2018, wherein it argued the court should dismiss Claims One through Four and suggested that the court grant petitioner a hearing on Claim Five. On April 17, 2018, the magistrate judge held a hearing on Claim Five, during which petitioner testified. Also at hearing, respondent presented the testimony of H. Gerald Beaver ("Beaver"), petitioner's trial counsel, along with the following 14 exhibits: 1) appeal election sheet dated December 20, 2016; 2) appeal election sheet dated January 24, 3017; 3) email to Jason Dickson ("Dickson"), petitioner's case manager in prison; 4) Beaver's memorandum to file on petitioner dated January 24, 2017; 5) United States v. Ormond, No. 5:16-CR-80-FL, 2017 WL 1316676 (E.D.N.C. April 7, 2017); 6) United States v. Johnson, No. 7:15-CR-54-FL, 2016 WL

7168064 (E.D.N.C. Dec. 8, 2016); 7) petitioner's indictment; 8) judgment against petitioner; 9) transcript of petitioner's sentencing hearing; 10) petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255; 11) petitioner's response to respondent's motion to dismiss; 12) order entered March 16, 2018, setting evidentiary hearing; 13) respondent's memorandum in support of its motion to dismiss; 14) December 16, 2016, order granting petitioner an extension of time to file notice of appeal.

Following the hearing, petitioner and respondent filed supplemental briefing upon invitation of the court. M&R entered July 1, 2019, wherein the magistrate judge found that Beaver's testimony, which was corroborated by appeal election sheets, a memorandum to file, substantial experience as a criminal defense attorney, and routine practices, was more credible than petitioner's testimony. Based on that conclusion, the magistrate judge determined that petitioner ultimately instructed Beaver not to file an appeal. Petitioner filed objections to M&R July 19, 2019, and respondent did not respond.

## COURT'S DISCUSSION

A.      Standard of Review

The district court reviews de novo those portions of the M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983).

Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

B.    Analysis

1.    Claim Five – Failure to File Appeal

Petitioner alleges that Beaver, his trial counsel, was ineffective in failing to file an appeal after being instructed to do so by petitioner.

Analysis of an ineffective assistance of counsel claim requires application of the two-part test established by Strickland v. Washington, 466 U.S. 668, 690-94 (1984). First, the petitioner must show that his counsel's performance was deficient in that it fell below the standard of reasonably effective assistance. Id. at 687-691. Second, the petitioner must show that there is a reasonable probability that, but for his counsel's errors, the result of the proceeding would have been different. Id. at 694.

Under the first part of the <u>Strickland</u> test, "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 477 (2000). Further, regarding the second part of the <u>Strickland</u> test, "where [a] defendant unequivocally instructs an attorney to file a timely notice of appeal, prejudice is presumed because it results in the 'forfeiture' of the appellate proceeding." <u>United States v. Poindexter</u>, 492 F.3d 263, 268 (4th Cir. 2007) (quoting <u>Roe</u>, 528 U.S. at 483). On the other hand, "a defendant who explicitly tells his attorney <u>not</u> to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." <u>Roe</u>, 528 U.S. at 477 (emphasis in original).

Here, petitioner objects to the magistrate judge's determination that he failed to unequivocally instruct Beaver to file an appeal. In support, petitioner notes three instances where he instructed Beaver to file an appeal: 1) at his sentencing hearing in open court, 2) during a telephone conversation with Beaver, and 3) in an appeal election sheet he mailed to Beaver. (<u>See</u> Pet. Obj. (DE 79) at 1-2). However, the magistrate judge determined, based upon the record and evidence presented at evidentiary hearing, that petitioner ultimately withdrew his instruction to file an appeal. In making that determination, the magistrate judge found Beaver's testimony to be more credible than petitioner's testimony. (<u>See</u> M&R (DE 78) at 33). At hearing, Beaver testified that he called petitioner to discuss his appeal rights following the sentencing hearing and mailed petitioner an appeal election sheet. (<u>See</u> <u>id.</u> at 32). Petitioner indicated on the appeal election sheet that he wanted to appeal; however, before the appeal election sheet reached Beaver, petitioner called Beaver and countermanded his instruction to appeal. (<u>See</u> <u>id.</u>). Then, before the appeal deadline expired, Beaver contacted petitioner again to ensure petitioner did not want to file an appeal. (<u>See</u> <u>id.</u>). Beaver sent petitioner another appeal election sheet, on which petitioner

indicated he did not wish to file an appeal. (See id. at 32-33). Accordingly, the magistrate judge found that petitioner did not unequivocally instruct Beaver to file an appeal. This finding was supported by substantial evidence in the record, including Beaver's extensive experience as a criminal defense attorney, Beaver's contemporaneous memoranda to file, the appeal election sheets, and petitioner's actions following his submission of the second appeal election sheet. (See id. at 33-34). Upon de novo review, the court adopts the magistrate judge's credibility determination and finding that petitioner failed to unequivocally instruct his counsel to file an appeal. Accordingly, Claim Five must be denied.

   2.  Claims One through Four

  In objection to the magistrate judge's recommendation to dismiss Claims One through Four, petitioner asserts that "he did in fact meet its [sic] burden establishing that the other claims were available to the Petitioner, particularly that these claims would have been heard by the Fourth Circuit Court of Appeals had the Notice of Appeal been filed as requested." (Pet. Obj. (DE 79) at 2). Having adopted the magistrate judge's determination that petitioner did not unequivocally instruct Beaver to file an appeal, the court rejects petitioner's argument. Accordingly, petitioner's Claims One through Four must be dismissed.

C.  Certificate of Appealability

  A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). After reviewing the claims

presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, the court ADOPTS the M&R. Claims One through Four in Petitioner's motion to vacate, set aside, or correct his sentence (DE 56) are DISMISSED, Claim Five is DENIED, and respondent's motion to dismiss (DE 60) is GRANTED. A certificate of appealability is DENIED. The clerk is DIRECTED is close this case.

SO ORDERED, this the 17th day of January, 2020.

LOUISE W. FLANAGAN
United States District Judge